NO. 07-09-0016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 3, 2009
______________________________


BOBBY LEE WOODS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
 
_________________________________

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 3712; HONORABLE RICHARD DAMBOLD, JUDGE
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON MOTION TO DISMISS
          Pending before the Court is appellant’s motion to dismiss his appeal. Appellant and
his attorney have both signed the motion. Tex. R. App. P. 42.2(a). No decision of this
Court having been delivered to date, we grant the motion. Accordingly, the appeal is
dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith.
                                                                           James T. Campbell

                                                                                     Justice





Do not publish.



e 26.13(a) of the Code of Criminal Procedure. See Tex.Code.Crim. Proc. Ann. art.
26.13 (Vernon 1989 & Supp. 2004).

 Article 26.13(d) expressly authorizes the admonitions required by that statute to be
given orally or in writing. The written plea admonishments signed by appellant on June 11,
2002 properly set out the range of punishment applicable to the offense charged. Appellant
was sentenced within that range. Article 26.13(a)(1) requires only that a court advise a
defendant of the applicable punishment range before accepting a plea of guilty. It does not
require the admonition be repeated prior to adjudicating guilt when adjudication has been
deferred. 

 The third potential issue raised by counsel discusses the standards for determining
whether a defendant has been denied reasonably effective assistance of counsel. That
discussion does not make reference to the record indicating appellant's trial counsel's
performance was deficient, or that any deficiencies in his performance prejudiced the
defense. See Strickland v. Washington, 466 U.S. 668, 104, S.Ct. 2052, 80 L.Ed.2d 674
(1984). 

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. We grant
counsel's motion to withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice


Do not publish.